# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Collins*, 2013 IL App (2d) 110915

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW A. COLLINS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0915 |
| Filed | February 20, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for the delivery of a controlled substance within 1,000 feet of a park, the appellate court held that the trial court properly barred disclosure of the entire personnel file of the undercover officer who made the purchase and refused to allow the officer to be impeached with the disclosed part of the file, since his character was not an element of the charge, claim, or defense for purposes of Rule 405 of the Illinois Rules of Evidence; however, the public defender fee imposed on defendant without a hearing on his ability to pay was vacated and the cause was remanded for a hearing on that issue. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CF-1508; the Hon. Allen M. Anderson, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded. |

Counsel on
Appeal

Thomas A. Lilien and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.

Justices Hutchinson and Birkett concurred in the judgment and opinion.

# OPINION

¶ 1     Following a bench trial, the defendant, Andrew A. Collins, was convicted of delivery of a controlled substance within 1,000 feet of a park (720 ILCS 570/401(c) (West 2010)) and sentenced to eight years' imprisonment. On appeal, the defendant argues that the trial court erred in (1) barring the defense from viewing the police department personnel file of the testifying officer and impeaching him with information contained in that file and (2) imposing a public defender reimbursement fee in the absence of a statutorily required hearing. We affirm in part, vacate in part, and remand for a hearing.

¶ 2                                    I. BACKGROUND

¶ 3     On July 21, 2010, the defendant was charged by indictment with unlawful delivery of a controlled substance within 1,000 feet of a park (720 ILCS 570/401(c) (West 2010)) (count I) and unlawful delivery of between 1 and 15 grams of heroin (720 ILCS 570/401(c)(1) (West 2010)) (count II). Prior to trial, the defendant filed a subpoena seeking the personnel file of narcotics officer Craig Tucker of the Elgin police department.

¶ 4     On August 31, 2010, the State argued that the defendant was not entitled to Officer Tucker's employment records because the defendant did not show the relevancy of the records. Specifically, the State argued that the defendant did not show that the officer was ever disciplined and, absent discipline, any incidents in the personnel file were mere allegations. The defendant argued that he had information related to a specific prior incident and that Officer Tucker's credibility was crucial to the State's case. Following argument, the trial court noted that there was a difference between disclosure of information and use in court. The trial court stated that it had reviewed the personnel file *in camera*. The trial court found that five pages were discoverable information that was relevant to Officer Tucker's credibility and turned those over to the defense.

¶ 5     The five pages of Officer Tucker's personnel file indicated that, in 2006, one of Officer

Tucker's colleagues from another police department contacted Officer Tucker and requested that, if contacted by the deputy chief of the Carpentersville police department, he provide inaccurate information regarding whether a certain person had acted as an informant. Officer Tucker was contacted by the deputy chief and he provided the inaccurate information. Although Officer Tucker's subsequent explanation that he was not aware his colleague was under investigation and that he thought he was merely "settling some argument" was believed, he was cited for violations of the Elgin police department rules and regulations and suspended for one day.

¶ 6    On October 7, 2010, the State filed a motion *in limine* seeking to bar any impeachment of Officer Tucker with the specific incident of misconduct found in the subpoenaed records. On October 20, 2010, a hearing was held on the State's motion. The State argued that it would be improper to impeach Officer Tucker with specific past instances of untruthfulness. The State further argued that the records did not show bias, interest, or motive to testify falsely in the present case. The defendant first argued that a ruling on the issue would be premature since the nature and extent of the officer's testimony at trial was yet unknown. The defendant also argued that, under Rule 405 of the Illinois Rules of Evidence (Ill. R. Evid. 405 (eff. Jan. 1, 2011)), it was proper to impeach Officer Tucker with specific instances of Officer Tucker's truthfulness and character. The defendant argued that the records, showing that Officer Tucker failed to cooperate with a police department investigation and gave inaccurate information, went directly to Officer Tucker's truthfulness, a crucial issue in the defendant's case. Following argument, the trial court noted that the Illinois Rules of Evidence were not effective until January 1, 2011, and thus were not in effect for purposes of the motion. Nonetheless, the trial court found that, even if they were in effect, the rules did not change the fact that impeachment with specific instances of past conduct was not allowed. Accordingly, the trial court granted the State's motion.

¶ 7    On April 21, 2011, the defendant waived his right to a jury trial and proceeded with a bench trial. The evidence showed that on June 11, 2010, Officer Tucker called the defendant to arrange a heroin purchase and suggested they meet at a gas station, across from Trout Park, at 1389 Dundee, in Elgin. The two arranged to meet at 12:30 p.m., when Officer Tucker would buy $180 worth of heroin from the defendant. A narcotics team was set up to follow Officer Tucker to the arranged buy. Officer Tucker was given money that had been photocopied.

¶ 8    Officer Tucker testified as follows. He arrived at the gas station with the money at 12:36 p.m. The defendant arrived, parked his car, and went to Officer Tucker's front passenger-side window. The defendant handed Officer Tucker a clear plastic baggie containing several tinfoil squares. Officer Tucker made his arrest signal as he handed the defendant the money. Officer Tucker took the plastic baggie back to the police station. Officer Tucker measured the distance from the gas station to Trout Park to be 509 feet. Officer Tucker testified to the calibration of the measuring wheel.

¶ 9    Other officers testified that, following the arrest signal, they arrived and saw the defendant standing at the passenger-side window of Officer Tucker's vehicle. They arrested the defendant. The money was scattered on the ground next to the defendant. At the police station, the content of the tinfoil squares tested positive for heroin. The content of the tinfoil

-3-

squares was taken to the Illinois State Police crime lab, where it also tested positive for heroin and was determined to weigh 1.2 grams. Following closing arguments, the trial court found the defendant guilty of both counts of the indictment.

¶ 10    On August 31, 2011, following the denial of the defendant's motion for a new trial, a sentencing hearing was held. Following the hearing, the trial court sentenced the defendant to eight years' imprisonment. In addition to other fines and costs, the trial court imposed a public defender fee of $1,000. The trial court also ordered that the two convictions be merged. On September 9, 2011, the trial court denied the defendant's motion to reconsider his sentence. The defendant filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, the defendant argues that the trial court erred in refusing to allow the defense to view Officer Tucker's entire personnel file and to impeach Officer Tucker with information contained in that file. The defendant also argues that the trial court erred in imposing a public defender fee in the absence of a statutorily required hearing. We will address each of these arguments in turn.

¶ 13    The defendant first argues that the trial court erred in refusing to allow the defense to view Officer Tucker's entire personnel file. The defendant requests that we conduct our own *in camera* review to determine whether there was any other material, besides what was disclosed by the trial court, that was relevant to Officer Tucker's truth, veracity, or motive to testify falsely.

¶ 14    Generally, employment records are subject to subpoena if there is a showing that the records are relevant. *People v. Williams*, 267 Ill. App. 3d 82, 87-88 (1994); *People v. Freeman*, 162 Ill. App. 3d 1080, 1098 (1987). "The trial court has broad discretion in ruling on issues of relevance and materiality and its determination will not be disturbed absent an abuse of discretion." *Williams*, 267 Ill. App. 3d at 87. We may review *in camera* the records reviewed by the trial court, to determine whether the trial court abused its discretion in disclosing only five pages of the subject personnel file. See *People v. Hooker*, 253 Ill. App. 3d 1075, 1081 (1993); *People v. Jennings*, 254 Ill. App. 3d 14, 22 (1993). We have examined Officer Tucker's personnel file and conclude that the trial court did not abuse its discretion, as no other information contained in the file was relevant to Officer Tucker's credibility or suggested any motive to testify falsely.

¶ 15    The defendant next argues that the trial court erred in granting the State's motion *in limine*, barring the impeachment of Officer Tucker with the information disclosed from the personnel file. A ruling on a motion *in limine* is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *People v. Nelson*, 235 Ill. 2d 386, 420 (2009). A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Anderson*, 367 Ill. App. 3d 653, 664 (2006). "A criminal defendant has a fundamental constitutional right to confront the witnesses against him and this includes the right to conduct a reasonable cross-examination. The defendant has the right to inquire into a witness' bias, interest, or motive to testify falsely." *People v. Coleman*, 206 Ill. 2d 261, 278

(2002). However, the evidence must not be remote or uncertain; rather, it must give rise to an inference that the witness has something to gain or lose by his testimony. *Id.*

¶ 16    The defendant argues that Officer Tucker's credibility was a crucial aspect of the case against him because Officer Tucker was the only one with firsthand knowledge of the drug transaction for which he was prosecuted. Accordingly, the defendant argues that it was error to limit his ability to challenge Officer Tucker's credibility by impeaching him with the incident of discipline contained in the disclosed portion of his personnel file.

¶ 17    In arguing that the trial court erred, the defendant relies on *People v. Phillips*, 95 Ill. App. 3d 1013 (1981). In *Phillips*, the defendant was convicted of charges in relation to an incident where he shot an off-duty police officer. *Id.* at 1015. The defendant testified that he shot the officer because the officer was "pistol whipping or waving his gun at his brother," who was unarmed and trying to get away, and he thought the officer was going to shoot his brother. *Id.* at 1018. The officer testified that the defendant's brother came at him with a tire iron and he pulled his gun and ordered the man to drop the tire iron. *Id.* at 1016. When he was 5 to 10 feet away from the defendant's brother, he was shot from behind. *Id.* The trial court barred cross-examination of the officer as to his employment records, which showed that he had been suspended from the police force 15 times, including 2 instances for improperly displaying a weapon and then filing a false report. *Id.* at 1015.

¶ 18    In reversing, the reviewing court noted that evidence of prior misconduct may be used to impeach a witness if it shows his bias, interest, or motive to testify falsely. *Id.* at 1019. The court further noted that the evidence of bias, interest or motive "must not be remote or uncertain because the evidence must potentially give rise to the inference that the witness has something to gain or lose by his testimony." *Id.* at 1020. The reviewing court found that the evidence of the past suspensions was not remote, because the officer could have been motivated to testify falsely to avoid a further suspension or a termination, or to ensure the continuance of his medical benefits and compensation. *Id.* at 1021.

¶ 19    The defendant's reliance on *Phillips* is misplaced. In *Phillips*, the evidence in the officer's personnel file was not remote or uncertain, because it was directly related to the defendant's theory of the case. The defendant in *Phillips* argued that he shot the officer because the officer was improperly using his own weapon in a threatening manner. The personnel file showed that the officer had been suspended in the past for improperly displaying his weapon. Here, the evidence contained in the personnel file indicated that Officer Tucker received a one-day suspension for knowingly providing inaccurate information to a deputy chief conducting an investigation in another police department. The matter was not in any way related to Officer Tucker's ability to conduct undercover drug transactions and did not raise an inference that he had anything to gain or lose by his testimony in the present case. The defendant's argument that Officer Tucker would testify falsely to avoid any further discipline is unsupported speculation that is remote and uncertain. Under these circumstances, the trial court did not err in granting the State's motion *in limine*. See *Coleman*, 206 Ill. 2d at 279 (no error in barring cross-examination of officer regarding pending civil suits alleging misconduct, because the suits did not concern the officer's actions in conducting lineups–the only duty the officer had and testified to in that case); *Williams*, 267 Ill. App. 3d at 87 (no error in barring evidence of officer's disciplinary record

where defendant argued that officer exhibited odd behavior following traffic stop; procedure followed was not relevant to whether defendant ultimately committed a battery and resisted arrest).

¶ 20    In so ruling, we note that the defendant argues that Rule 405 of the Illinois Rules of Evidence (Ill. R. Evid. 405 (eff. Jan. 1, 2011)) allows for use of specific instances of conduct to establish a witness's character. The defendant notes that, although Rule 405 was not in effect at the time of the hearing on the State's motion *in limine*, it was in effect at the time of trial. Rule 405 states:

> "(b) Specific Instances of Conduct.
>
> (1) In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct[.]" *Id.*

We find the defendant's argument to be without merit. The comment to that rule explains:

> "Specific instances of a person's conduct are admissible, however, under Rule 405(b)(1), as proof of a person's character or a trait of character only in those limited cases (such as negligent entrustment, negligent hiring, and certain defamation actions), when a person's character or a trait of character is an essential element of a charge, claim, or defense." Ill. R. Evid. 405, Comment (adopted Sept. 27, 2010).

In the present case, Officer Tucker's character is not an element of a charge, claim, or defense. Accordingly, the defendant's reliance on Rule 405 is misplaced.

¶ 21    The defendant's final contention on appeal is that the public defender reimbursement fee should be vacated because it was imposed in the absence of a statutorily required hearing to determine the defendant's ability to pay. Specifically, section 113-3.1(a) of the Code of Criminal Procedure of 1963 provides as follows:

> "Whenever under either Section 113-3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010).

Section 113-3.1(a) requires the trial court to conduct a hearing to determine a defendant's ability to pay before it may impose a public defender fee. *People v. Love*, 177 Ill. 2d 550, 563 (1997). The State concedes that the trial court failed to conduct the necessary hearing and that the public defender fee should be vacated.

¶ 22    Nonetheless, the parties differ as to the appropriate relief. Relying on *Love*, *id.* at 565, the State argues that the appropriate relief is to vacate the public defender fee and remand for a hearing. The defendant argues that the appropriate relief is to vacate the fee outright.

Alternatively, the defendant proposes that we refrain from ruling and await a forthcoming supreme court decision. The parties agree that the issue of whether a court on remand may conduct a hearing and still impose the fee when more than 90 days has passed is currently pending before our supreme court in *People v. Fitzpatrick*, 2011 IL App (2d) 100463, *appeal allowed*, No. 113449 (Ill. Jan. 25, 2012).

¶ 23    In arguing that the appropriate relief is to vacate the fee outright, the defendant relies on *People v. Gutierrez*, 2012 IL 111590. In *Gutierrez*, the trial court sentenced the defendant to prison and imposed a $250 public defender fee. *Id.* ¶ 3. On appeal, the fee was vacated because the defendant had not received notice and a hearing prior to imposition of the fee. *Id.* ¶ 4. The appellate court held that, despite the fact that the 90-day period had passed, the appropriate relief was to remand for a hearing. *Id.* The defendant appealed to our supreme court, arguing that the public defender fee should have been vacated outright. *Id.* ¶ 16. The defendant's contention was that the statutorily required hearing could not take place later than 90 days after the entry of the final order. *Id.* ¶ 19. Our supreme court vacated the fee outright, but not for the reason argued by the defendant. The fee was vacated because neither the State nor the trial court moved for the fee, as required by the statute. *Id.* ¶ 24. Rather, the clerk of the circuit court had, in the absence of any statutory authority, imposed the fee on its own. *Id.* The *Gutierrez* court held that "[p]ursuant to statute, a public defender fee may be imposed only by the circuit court after notice and a hearing on the defendant's ability to pay." *Id.* ¶ 26.

¶ 24    The State argues that *Gutierrez* is distinguishable because in the present case the trial court, not the circuit clerk, imposed the public defender fee. The State further notes that the court ordered the fee at the sentencing hearing, which was within the 90-day period set forth in the statute. In his reply brief, the defendant acknowledges these distinguishing factors. However, the defendant cites the following admonishment found in *Gutierrez*:

> "Since [*Love*], the appellate court has routinely rejected the argument that the passage of more than 90 days after final judgment precludes courts from remanding cases for a hearing [on a defendant's ability to pay a public defender fee] when a defendant has not been provided one, and *Love* is generally cited as authority for the proposition that remanding is the proper course. See, *e.g.*, *Schneider*, 403 Ill. App. 3d at 304. We caution, however, that the timeliness issue was not raised in *Love*. In that case, the appellate court vacated the fee and remanded for a hearing, and, in his appellee's brief in this court, the defendant specifically asked this court to affirm the appellate court's judgment. Thus, *Love* should not be read as deciding the issue either way." *Id.* ¶ 18.

The defendant argues that the foregoing demonstrates that the *Gutierrez* court had also vacated the public defender fee on the grounds that the defendant had not been given notice and a hearing within the 90-day period.

¶ 25    We disagree. Although the *Gutierrez* court noted that reliance on *Love* in remanding a case for a hearing beyond the 90-day period might be suspect because *Love* did not address the issue, the *Gutierrez* court also did not make a determination on the issue. In fact, it expressly declined to address the issue of whether the 90-day period was mandatory or directory. *Id.* ¶ 21. Under the circumstances in the present case, the proper procedure is still

to vacate the public defender fee and remand for an appropriate hearing. *People v. Brown*, 2012 IL App (2d) 110640, ¶ 28. In *Brown*, this court explained:

> "Quite simply, the legislature could not have intended the entire appellate process to be completed in the 90 days following the final order in the trial court. *In re Marriage of Ricard*, 2012 IL App (1st) 111757, ¶ 35 (holding that the legislature is presumed not to intend consequences that are absurd or inconvenient). We also perceive no intent on the part of the legislature to limit this court's ability to order appropriate relief." *Id.*

¶ 26                                          III. CONCLUSION

¶ 27       For the foregoing reasons, we affirm the judgment of the circuit court of Kane County refusing to allow the defense to view Officer Tucker's entire personnel file and barring impeachment of Officer Tucker with the information disclosed from his personnel file. However, we vacate the public defender reimbursement fee and remand for a hearing pursuant to section 113-3.1(a).

¶ 28       Affirmed in part and vacated in part; cause remanded.