# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Somers*, 2013 IL 114054

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL SOMERS, Appellant. |
| Docket No. | 114054 |
| Filed | February 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the statute calling for a hearing on the public defender's fee within 90 days of final judgment was not complied with because the hearing was inadequate, there should be a remand for a proper hearing, and the defendant could not successfully argue that it was too late for any hearing at all and that the fee should be vacated—mandatory and directory issue not presented. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Livingston County, the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, and Allen H. Andrews, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Thomas J. Brown, State's Attorney, of Pontiac (Michael A. Scodro, Solicitor General, and Michael M. Glick and Joshua M. Schneider, Assistant Attorneys General, of Chicago, of counsel), for the People.

Justices

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1    At issue is whether the appellate court properly remanded the cause for a hearing on the defendant's ability to pay a public defender fee when more than 90 days had passed since the entry of the final order at the trial court level. On the facts before us, we hold that the cause was properly remanded for a new hearing.

¶ 2                    BACKGROUND

¶ 3    The State charged defendant, Michael Somers, with five counts of burglary (720 ILCS 5/19-1(a) (West 2008)). Defendant entered into a fully negotiated plea agreement with the State, whereby he would plead guilty in exchange for a sentence of two years' probation and 180 days in jail. The circuit court of Livingston County imposed that sentence and also ordered defendant to pay a $200 fee to reimburse the county for the expense of appointed counsel.

¶ 4    Before ordering defendant to pay the public defender fee, the trial court asked whether defendant thought that he could get a job when he was released from jail, and defendant responded, "I'm hoping so." The court then asked defendant if he would use that to pay his fines and costs, and defendant replied, "Yes, ma'am." Finally, the court asked defendant if there was any physical reason why he could not work, and defendant said, "no." After hearing the defendant's answers, the court concluded that a $200 public defender fee would be appropriate.

¶ 5    The State later filed three petitions to revoke defendant's probation, and defendant admitted all three violations. On July 1, 2010, the trial court sentenced defendant to six years' imprisonment, and the court's sentencing order stated that "all financial obligations previously imposed remain in full force and effect." Defendant filed a motion to reconsider

-2-

his sentence, and the court denied the motion on September 30, 2010.

¶ 6     Defendant appealed, arguing that the court had not complied with section 113-3.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3.1(a) (West 2010)) when it imposed the public defender fee. Defendant asked the court to remand the matter for a proper hearing. The appellate court agreed with defendant that merely asking a defendant about his employment status before imposing the fee does not satisfy section 113-3.1(a)'s requirements. Thus, the court remanded the matter for a proper hearing. No. 4-10-0869 (summary order under Supreme Court Rule 23). Defendant then filed a petition for rehearing, discussing this court's recent decision in *People v. Gutierrez*, 2012 IL 111590, and arguing that the cause should not have been remanded for a new hearing because more than 90 days had passed since the trial court's final judgment. The appellate court denied the petition for rehearing.

¶ 7     We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 8                                    ANALYSIS

¶ 9     Defendant raises a single issue for our review. Defendant contends that when more than 90 days have elapsed since the entry of the trial court's final judgment, the appellate court is without authority to remand for a hearing on a defendant's ability to pay a public defender fee. According to defendant, the 90-day time limit provided by section 113-3.1(a) is mandatory rather than directory.

¶ 10    Normally, this argument would be considered forfeited because a remand to the trial court was the specific relief defendant requested in the appellate court, and he raised the timing argument for the first time in his petition for rehearing. However, the State explains that it is forgoing its right to argue forfeiture because this is a recurring issue and the public interest favors this court reaching the merits.

¶ 11    Section 113-3.1(a) of the Code of Criminal Procedure provides as follows:

"Whenever under either Section 113-3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010).

¶ 12    Defendant argues that, because the appellate court filed its decision more than 90 days after the trial court's final judgment, the cause could not be remanded for a hearing on defendant's ability to pay the fee. Defendant contends that, pursuant to the rules set forth in *People v. Robinson*, 217 Ill. 2d 43 (2005), the 90-day time limit in section 113-3.1(a) is

mandatory rather than directory. Thus, according to defendant, once that time limit has passed, no hearing may be held and the fee must be vacated.

¶ 13    The State contends, however, that, in this particular case, the timing issue is a red herring. According to the State, the problem in this case is not that no hearing was held within the statutory time limit, but that the hearing that the court did hold was insufficient to satisfy section 113-3.1(a)'s requirements. The State concedes that the statute requires more than that the trial court simply ask the defendant a few questions about his employment status. However, because the trial court complied with the statute's time limit, the State contends that we should simply remand the cause for a proper hearing and that we do not need to reach the issue of whether that time limit is mandatory or directory. We agree with the State.

¶ 14    First, it is clear, as the State concedes, that the trial court's few questions to defendant about his employment status were insufficient to satisfy the statute. See *People v. Roberson*, 335 Ill. App. 3d 798, 804 (2002) (trial court's two questions about defendant's employment status insufficient to satisfy section 113-3.1(a)). Both this court and the appellate court have been very clear about what a trial court must do to satisfy section 113-3.1(a). To comply with the statute, the court may not simply impose the fee in a perfunctory manner. *Id.* Rather, the court must give the defendant notice that it is considering imposing the fee, and the defendant must be given the opportunity to present evidence regarding his or her ability to pay and any other relevant circumstances. *Id.* at 803-04. The hearing must focus on the costs of representation, the defendant's financial circumstances, and the foreseeable ability of the defendant to pay. *People v. Love*, 177 Ill. 2d 550, 563 (1997). The trial court must consider, among other evidence, the defendant's financial affidavit. 725 ILCS 5/113-3.1(a) (West 2010); *People v. Hanna*, 296 Ill. App. 3d 116, 124 (1998).

¶ 15    Clearly, then, the trial court did not fully comply with the statute, and defendant is entitled to a new hearing. Just as clearly, though, the trial court did have some sort of a hearing within the statutory time period. The trial court inquired of defendant whether he thought he could get a job when he was released from jail, whether he planned on using his future income to pay his fines and costs, and whether there was any physical reason why he could not work. Only after hearing defendant's answers to these questions did the court impose the fee. Thus, we agree with the State's contention that the problem here is not that the trial court did not hold a hearing within 90 days, but that the hearing that the court did hold was insufficient to comply with the statute.

¶ 16    At oral argument both in this case and in *Gutierrez*, Justice Garman asked the defendant whether a remand would be permissible in a case in which the trial court did hold a hearing within 90 days but the hearing was defective in some way. In *Gutierrez*, the appellate defender responded:

> "If the statute was followed and there was a hearing within the 90 days and then it went up on appeal, I believe that, if there was an argument that the hearing was improper, you could remand it for a new hearing because in that instance the statute has been complied with. There was a hearing. There was an order. But here we don't have that."

By contrast, when Justice Garman asked the same question in this case, the appellate

defender responded:

> "My position is that any hearing after 90 days is prohibited. It cannot be remanded. Realistically, a remand would not occur within the 90-day limit. If somehow that happened, it could be remanded. But it cannot be remanded after the 90-day limit. The statute is unambiguous. This exception that the State is talking about where you should be able to remand it, it doesn't exist. It's not in the statute. It states plainly that it has to be held within 90 days. When a statute is clear and unambiguous, you don't read implicit exceptions into it."

¶ 17    We believe that the appellate defender's answer was correct in *Gutierrez* and incorrect in this case. Again, here, the trial court's error was not in failing to hold a hearing within 90 days. Rather, the problem is that the hearing that the court did hold within 90 days was insufficient to comply with the statute. We note that this is the original argument that defendant himself raised in the appellate court, arguing only that the case should be remanded for a hearing that complies with the statute. Defendant did not bring up the timing issue until he filed his petition for rehearing. We see no reason why the trial court's error should be uncorrectable on appeal.

¶ 18    In sum, because the trial court complied with the statutory time period, there is simply no impediment to remanding the cause for a proper hearing. The issue of whether the statute's 90-day time limit is mandatory or directory is not presented by the facts of this case. As we did in *Gutierrez*, 2012 IL 111590, ¶¶ 25, 26, we again express our disappointment that defendants continue to be denied proper hearings on public defender fees, we remind the trial courts of their obligation to comply with the statute, and we trust that we will not have to speak on this issue again.

¶ 19                                   CONCLUSION

¶ 20    The trial court's three questions to defendant about his employment status were insufficient to satisfy section 113-3.1(a)'s requirements. Defendant is entitled to a proper hearing before a public defender fee may be imposed. The appellate court properly remanded the cause for a new hearing, and we affirm the appellate court's judgment.

¶ 21    Affirmed.