# Illinois Official Reports

## Appellate Court

*People v. McClinton*, 2015 IL App (3d) 130109

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HOWARD A. McCLINTON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0109 |
| Filed | March 5, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for delivery of less than one gram of cocaine within 1,000 feet of a church, his sentence to seven years' imprisonment and the imposition of various fines and fees was upheld, but an order to pay $2,958 for the services of his appointed counsel was vacated, and the cause was remanded for a proper hearing under section 113-3.1 of the Code of Criminal Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 11-CF-443; the Hon. Stanley B. Steines, Judge, presiding. |
| Judgment | Vacated in part, affirmed in part, and remanded with directions. |

| Counsel on Appeal | Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant. |
| | |
| | Trish Joyce, State's Attorney, of Morrison (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion. Justices O'Brien and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1    A jury found defendant, Howard A. McClinton, guilty of delivery of less than one gram of cocaine, and the court sentenced him to seven years' incarceration. At the sentencing hearing, the court imposed various fines and fees and ordered defendant to pay $2,958 to reimburse the county for the public defender's services. Defendant appeals, arguing that the court abused its discretion by imposing the public defender fee and that defendant is entitled to additional $5-per-day credit toward his fines. We vacate the public defender fee and remand with directions; we also order the circuit clerk to apply the appropriate sentencing credit and otherwise affirm defendant's conviction.

¶ 2    A jury found defendant guilty of unlawful delivery of a controlled substance (less than one gram of cocaine) within 1,000 feet of a church (Class 1 felony) (720 ILCS 570/407(b)(2) (West 2012)) and unlawful delivery of a controlled substance (less than one gram of cocaine) (Class 2 felony) (720 ILCS 570/401(d) (West 2012)).

¶ 3    Prior to sentencing, the State moved the court to order that defendant reimburse the county $2,958 for services provided by appointed counsel. In the motion, the State asserted that defendant had the ability to pay $2,958, but did not support that assertion with any facts. Defendant filed a motion requesting $5-per-day credit under section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 2012)) for time spent in presentence custody. The motion asserted that defendant had spent 252 days in presentence custody.

¶ 4    The cause proceeded to a sentencing hearing. Defendant gave an unsworn statement in which he said that he was physically capable of working and hoped to take advantage of general educational development classes and work training in prison. The court imposed a sentence on only the Class 2 felony and ordered that defendant serve seven years' incarceration.

¶ 5    Based solely on the presentence investigation and the statements made by defendant in allocution prior to sentencing, the court found that defendant was physically able to work and had the ability to reimburse the county $2,958 for services he received from the public

defender. The court did not allow defendant an opportunity to present evidence on his ability to pay, nor did the court ask defendant any questions.

¶ 6 The court also imposed all the assessments requested by the State, including a $150 street value fine; a $100 lab fee; a $1,000 drug assessment; a $100 Trauma Center Fund fine; a $5 spinal cord injury fee; a $150 reimbursement to the Sterling police department for funds used in the controlled buys in the present case; a $25 State Police Services Fund assessment; and a $20 pill and drug disposal assessment. The court then added $90 in fees to the State's Attorney, and a $100 Violent Crime Victims Assistance Fund fine. A written order found that defendant had spent 252 days in presentence custody, entitling him to a credit of $1,260, to be applied to the street value fine, the drug treatment fund assessment, and the Trauma Center Fund fine. The clerk's costs sheet, however, did not reflect application of the credit.

¶ 7 Defendant filed a motion to reconsider his sentence, which was denied.

¶ 8 On appeal, defendant raises two issues: (1) that the public defender reimbursement fee was imposed without the hearing required by section 113-3.1 of the Code (725 ILCS 5/113-3.1 (West 2012)); and (2) that the circuit clerk did not accurately apply defendant's $5-per-day sentencing credit (725 ILCS 5/110-14 (West 2012)) against his fines.

¶ 9 I. Public Defender Reimbursement Fee

¶ 10 Section 113-3.1 of the Code grants the court the authority to order a defendant to reimburse the county or the State a "reasonable sum" for representation provided by appointed counsel. 725 ILCS 5/113-3.1(a) (West 2012). Either the State or the court may move for a hearing to determine defendant's ability to pay the reimbursement. The hearing may occur anytime after the appointment of counsel but must occur no later than 90 days after the entry of a final judgment disposing of the case. *Id.* The reimbursement monies are to be paid by the defendant to the circuit clerk to reimburse either the county or the State for appointed counsel's services. *Id.*

¶ 11 Section 113-3.1(a) provides the necessary procedural framework for the reimbursement hearing. *Id.* First, the court must give defendant notice of the hearing. *People v. Somers*, 2013 IL 114054, ¶ 14. That notice is necessary so that the defendant can prepare evidence of his or her financial circumstances. At the hearing, the defendant must be given the opportunity to present evidence regarding his or her ability to pay and any other relevant circumstances. *Id.* The hearing must focus on the costs of representation, the defendant's financial circumstances, and the foreseeable ability of the defendant to pay. *Id.* The court must consider the assets and liabilities affidavit attested to by defendant under section 113-3(b) of the Code (725 ILCS 5/113-3(b) (West 2012)). *Somers*, 2013 IL 114054, ¶ 14. The procedural safeguards provided by section 113-3.1(a) are necessary to meet the demands of due process. See *People v. Cook*, 81 Ill. 2d 176 (1980) (holding unconstitutional the predecessor to section 113-3.1 because the former statute did not require a hearing to determine defendant's ability to pay).

¶ 12 In the present case, the court did not comply with the requirements of section 113-3.1(a) because defendant was not given notice of the hearing and was not afforded an opportunity to present evidence regarding his ability to pay. A defendant does not waive his due process right to the procedural safeguards described by section 113-3.1 by failing to object when those safeguards are not met. See *People v. Love*, 177 Ill. 2d 550, 564-65 (1997).

¶ 13    Several recent Illinois cases have addressed whether a court of review should remand for a new public defender fee hearing after vacating a public defender fee for failure to comply with section 113-3.1. See, *e.g.*, *Somers*, 2013 IL 114054; *People v. Gutierrez*, 2012 IL 111590; *People v. Collins*, 2013 IL App (2d) 110915; *People v. Williams*, 2013 IL App (2d) 120094. In addition, several unpublished cases have addressed the issue.[1]

¶ 14    The issue in those cases was whether the 90-day time limit provided by section 113-3.1(a) prevents a court of review from remanding for a new hearing after 90 days have passed since the final judgment in the trial court. See, *e.g.*, *Somers*, 2013 IL 114054, ¶ 12 ("Defendant argues that, because the appellate court filed its decision more than 90 days after the trial court's final judgment, the cause could not be remanded for a hearing on defendant's ability to pay the fee."). In *Somers*, the supreme court held that, where the trial court initially complies with the time limit by holding "some sort of a hearing" (*id.* ¶ 15) within 90 days, "there is simply no impediment to remanding the cause for a proper hearing" (*id.* ¶ 18).

¶ 15    The issue that we must resolve is whether the proceedings in the trial court constituted "some sort of a hearing" into defendant's ability to pay within the 90-day period. *Somers* did not define the minimum amount of procedural due process necessary to qualify as "some sort of a hearing." In *Somers*, the trial court addressed the defendant's ability to pay in open court, with the parties present, and asked the defendant three questions about his ability to pay. The court listened to the defendant's answers and then imposed a public defender fee. The court did not give the defendant the opportunity to present additional evidence or argument.

¶ 16    In this case, the parties were in open court for sentencing; the court did not question defendant about the public defender fees. Instead, it relied only on the presentence investigation report and the defendant's statement in allocution before sentencing.

¶ 17    Black's Law Dictionary defines a "hearing" as a "judicial session, open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying." Black's Law Dictionary 836 (10th ed. 2014). In *Anthony v. Gilbrath*, our supreme court defined a hearing as "a judicial examination of the issues between the parties, whether of law or of fact." *Anthony v. Gilbrath*, 396 Ill. 125, 128 (1947). Taking some information from defendant's presentence report and his sentencing hearing and pronouncing an amount to be paid to the public defender lacked the substantial due process requirements and protections under the statute. The question we have, however, is whether the present proceedings constituted "some sort of a hearing," as stated in *Somers*.

¶ 18    To resolve this issue, we look to the intent of the statute itself. "The best indication of legislative intent is the statutory language, given its plain and ordinary meaning." *People v. Jones*, 223 Ill. 2d 569, 581 (2006). The intent of section 113-3.1 is to have a qualified defendant reimburse either the counties or the State for the cost of public defender representation. See 725 ILCS 5/113-3.1 (West 2012). In light of this statutory purpose, we interpret the language broadly and find that the actions of the trial court were sufficient under *Somers;* it appears that some sort of a hearing was held. Thus, we remand the cause for a proper hearing under section 113-3.1.

---

[1]See, *e.g.*, *People v. Kyle*, 2014 IL App (2d) 120260-U; *People v. Simmons*, 2014 IL App (1st) 123255-U; *People v. Jefferson*, 2013 IL App (4th) 120089-U; *People v. Remesch*, 2013 IL App (4th) 120077-U.

## II. $5-Per-Day Credit

The parties agree that defendant is entitled to a $1,260 credit toward his fines under section 110-14 of the Code (725 ILCS 5/110-14 (West 2012)). On remand, the circuit clerk shall apply that credit toward defendant's fines, including the $1,000 drug assessment, the $150 street value fine, the $100 Trauma Center Fund fine, and the $25 State Police Services Fund fine.

We commend the court and the parties for their attention to the costs phase of sentencing. Their actions created a clear record on appeal, from which this court can easily review the record, including the court's order allowing $5-per-day credit.

## III. Conclusion

The judgment of the circuit court of Whiteside County is vacated in part, affirmed in part, and remanded with directions.

Vacated in part, affirmed in part, and remanded with directions.