2016 IL App (2d) 140529
No. 2-14-0529
Opinion filed March 24, 2015

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-1765 |
| ERIC CASTILLO, | ) ) | Honorable George Bridges, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Eric Castillo, helped execute a plan to kill David Campbell in retaliation for Campbell's having been part of a plan to kidnap two people and sexually assault one of them. Following a jury trial, defendant was convicted of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2010)), and he was sentenced to 35 years' imprisonment.   At the beginning of the proceedings, the assistant public defender withdrew, and the court imposed a public-defender fee of $250 after the assistant public defender told the court that the public defender's office had prepared a motion in defendant's case.   At issue is whether this exchange between the assistant public defender and the court satisfied the hearing requirement of section 113-3.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-3.1(a) (West 2010)).   For the reasons that

follow, we determine that the exchange did not constitute a hearing under that section. Accordingly, because the State has not argued that the time limit for such a hearing is directory, we vacate the public-defender fee outright.

¶ 2    On August 2, 2012, at the very beginning of the proceedings, the assistant public defender sought to withdraw, as defendant had retained private counsel.   Once the court was alerted to this fact, the court asked defendant if that was true.   Defendant responded, "Yes, sir."   Thereafter, the following exchange occurred between the assistant public defender and the court:

"THE COURT: All right.   Then, the public defender, did you spend any resources in the defense of this case?

MS. HARAN [assistant public defender]: Your Honor, I know that the attorneys did go see [defendant].   I see they had prepared a motion, but, obviously, not filed it.   And that looks like what they have done so far.

THE COURT: Are you asking me to assess fees?

MS. HARAN: We are, Judge.

THE COURT: All right.   I'm going to assess a public defender fee in the amount of $250."

¶ 3    When the court awarded the public-defender fee, the court's file contained defendant's "Certificate of Assets."   This document revealed that defendant worked part-time as a security officer, taking home $1,000 per month.   Nothing in the record specifically indicates that the court considered this document before it imposed the public-defender fee.

¶ 4    On May 28, 2014, after the final order was entered, defendant asked the court to appoint appellate counsel.   Before doing so, the court asked defendant if he owned any property or had

any money in the bank. Defendant advised the court that he did not. This timely appeal followed.

¶ 5     At issue in this appeal is whether the exchange between the court and the assistant public defender about the public-defender fee was a hearing for purposes of section 113-3.1(a) of the Code. Before addressing that issue, we note that forfeiture does not apply. See *People v. Love*, 177 Ill. 2d 550, 564 (1997) ("Where *** the trial court wholly ignored the statutory procedures mandated for a [public-defender] reimbursement order *** and instead ordered reimbursement *sua sponte* without any warning to the defendant, fairness dictates that waiver should not be applied.").

¶ 6     Turning to the merits, section 113-3.1(a) of the Code authorizes the trial court to order a criminal defendant for whom counsel has been appointed to pay a reasonable amount to reimburse the county or the state. Specifically, it provides:

> "In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant *** and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney *** but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010).

Whether the court complied with section 113-3.1(a) of the Code presents a question of law, which we review *de novo*. *People v. Gutierrez*, 2012 IL 111590, ¶ 16.

¶ 7     Here, the parties agree that the trial court did not comply with section 113-3.1(a) of the Code. However, they disagree about the proper remedy. Defendant contends that, because no hearing under section 113-3.1(a) of the Code was held, and because more than 90 days has passed

since the final order was entered, the proper remedy is to vacate the public-defender fee outright. The State claims that the court did hold a hearing under section 113-3.1(a) of the Code, though an insufficient one, and that thus the proper remedy is to vacate the public-defender fee and remand the cause for a sufficient hearing. Resolving this dispute mandates that we examine several cases that have discussed section 113-3.1(a) of the Code.

¶ 8    In *People v. Somers*, 2013 IL 114054, our supreme court observed:

"To comply with the statute, the court may not simply impose the fee in a perfunctory manner. [Citation.] Rather, the court must give the defendant notice that it is considering imposing the fee, and the defendant must be given the opportunity to present evidence regarding his or her ability to pay and any other relevant circumstances. [Citation.] The hearing must focus on the costs of representation, the defendant's financial circumstances, and the foreseeable ability of the defendant to pay." *Id.* ¶ 14.

¶ 9    Unfortunately, public-defender fees are routinely imposed in violation of this statute. See *id.* ¶ 18.[1] In *Gutierrez*, the circuit clerk imposed the fee. *Gutierrez*, 2012 IL 111590, ¶ 21. Because "the trial court did not order the reimbursement, and there is no indication in the record that it was even considering doing so," and because the clerk had no authority to do so on its own, our supreme court vacated the fee outright. *Id.* ¶ 24.

¶ 10    In *Somers*, the trial court, after asking the defendant three questions about his finances, *did* order the fee and did so within the required 90 days. *Somers*, 2013 IL 114054, ¶ 4. In light of those facts, our supreme court stated:

---

[1] Lake County, which is the county from which this appeal arises, historically has had problems properly imposing the fee. *Gutierrez*, 2012 IL 111590, ¶¶ 25-26.

"Clearly, then, the trial court did not fully comply with the statute, and defendant is entitled to a new hearing. Just as clearly, though, the trial court did have some sort of a hearing within the statutory time period. The trial court inquired of defendant whether he thought he could get a job when he was released from jail, whether he planned on using his future income to pay his fines and costs, and whether there was any physical reason why he could not work. Only after hearing defendant's answers to these questions did the court impose the fee. Thus, we agree with the State's contention that the problem here is not that the trial court did not hold a hearing within 90 days, but that the hearing that the court did hold was insufficient to comply with the statute." *Id.* ¶ 15.

Because the trial court had held "some sort of a hearing within the statutory time period," our supreme court remanded for a proper hearing. *Id.*

¶ 11    In *People v. Williams*, 2013 IL App (2d) 120094, ¶ 20, the trial court imposed the fee, in open court and within 90 days. However, at no point did the court ask the defendant any questions about his ability to pay the fee or indicate that it had considered the defendant's certificate of assets. *Id.* ¶ 19. On appeal, the defendant argued that the fee must be vacated outright, as no hearing was held within 90 days of the final order. *Id.* ¶ 15. Over a dissent, we disagreed. *Id.* ¶ 20. Interpreting our supreme court's decision in *Somers*, we ruled that all that is required under section 113-3.1(a) of the Code is that "the trial court hold 'some sort of a hearing within the [90-day] statutory time period.' " *Id.* (quoting *Somers*, 2013 IL 114054, ¶ 15). This "some sort of a hearing" does not mandate that the trial court ask the defendant questions about his finances. *Id.* Rather, per the dictionary definition of a "hearing" (Black's Law Dictionary 788 (9th ed. 2009)), "some sort of a hearing" requires "simply that the trial court imposed the fee in open court, with the parties present, within the 90-day time limit." *Williams*, 2013 IL App (2d)

120094, ¶ 25. Because the trial court in *Williams* held a timely hearing, albeit an insufficient one, we determined that the proper remedy was to vacate the fee and remand the cause for a sufficient hearing. *Id.* ¶ 24.

¶ 12    In *People v. Moore*, 2015 IL App (1st) 141451, the First District disagreed with *Williams*. There, after the defendant was sentenced, the assistant public defender reminded the court that he had filed a motion for the reimbursement of attorney fees. *Id.* ¶ 30. The court asked counsel how many times he had appeared in court, and counsel replied that he and another attorney had appeared a total of nine times. *Id.* Based on that alone, the court imposed a $150 public-defender fee. *Id.* On appeal, the court, relying on *Somers*, held that " 'some sort of [a] hearing' " requires more than the imposition of the public-defender fee in open court, with the parties present, within 90 days after the final order is entered. *Id.* ¶ 40 (quoting *Somers*, 2013 IL 114054, ¶ 15). Rather, at the hearing, the court must make an "inquiry, however slight, into the issue of the defendant's ability to pay the public defender fee, the defendant's financial circumstances and [the defendant's] foreseeable ability to pay or the defendant's financial affidavit, if any." *Id.* ¶ 41.

¶ 13    We now decline to follow *Williams*, and instead we follow *Moore*. In our view, in applying the dictionary definition of a "hearing," the *Williams* majority ignored our supreme court's own definition of a "hearing" under section 113-3.1(a) of the Code. In *Love*, our supreme court had held that "section 113-3.1(a) plainly requires that the trial court conduct, within the specified time period, a hearing *into the defendant's financial resources to determine his ability to pay reimbursement*." (Emphasis added.) *Love*, 177 Ill. 2d at 556. Thus, in *Somers*, when the court found that the trial court had conducted "some sort of a hearing" under section 113-3.1(a) (*Somers*, 2013 IL 114054, ¶¶ 15, 20), it necessarily found that the trial court had conducted "some

sort of a hearing" *into the defendant's financial resources to determine his ability to pay reimbursement.* Our supreme court could not have been interested in whether the trial court had conducted "some sort of a hearing" in an abstract sense; in this context, what was pertinent was whether the trial court had conducted "some sort of a hearing" under section 113-3.1(a). This is the only reason why the supreme court would have chosen to focus on the trial court's three questions about the defendant's finances. Had the supreme court needed only to distinguish *Gutierrez, i.e.*, if all that had been required were the trial court's imposition of the fee in open court, those questions would have been irrelevant.

¶ 14    We thus agree with *Moore* that, per *Somers*, "some sort of a hearing" requires an "inquiry, however slight, into the issue of the defendant's ability to pay the public defender fee." *Moore*, 2015 IL App (1st) 141451, ¶ 41. In *Williams*, and in this case, the court did not do so.[2]

¶ 15    Having concluded that "some sort of a hearing" was not held here, the question becomes what remedy should be afforded defendant. That is, should we vacate the fee outright, or should we vacate the fee and remand the cause for a hearing on the issue. Resolution of that issue hinges on whether the 90-day limit in section 113-3.1(a) of the Code is mandatory or directory. Vacating and remanding for a hearing would be appropriate if the 90-day limit is directory. *Gutierrez*, 2012 IL 111590, ¶¶ 19-20. On the other hand, if the 90-day limit is mandatory, we must vacate the fee outright. *Id.* ¶ 21. We need not resolve here whether the 90-day limit is mandatory or

---

[2] In reaching this conclusion, we note that the court here asked defendant two questions about any property he owned and any money he had in the bank. Although these questions shed light on defendant's financial circumstances, they were asked in reference to appointing appellate counsel, not assessing a public-defender fee, and they were posed almost two years after the court awarded the public-defender fee.

directory.    Because the State makes no argument that the 90-day limit is directory, we vacate the fee outright.    See *id.*

¶ 16    For these reasons, the $250 public-defender fee imposed in this case is vacated.    In all other respects, the judgment of the circuit court of Lake County is affirmed.

¶ 17    Affirmed in part and vacated in part.