**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210365-U

Order filed February 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0365 Circuit No. 17-CF-2451 |
| DUSTIN J. GREINER, | ) ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The circuit court erred when it considered the difference in age between defendant's daughter and the victim in determining defendant's sentence.

¶ 2     Defendant, Dustin J. Greiner, pled guilty to one count of aggravated driving while under the influence (625 ILCS 5/11-501(a)(4), (d)(1)(F), (d)(2)(G) (West 2016)) and was sentenced to seven years' imprisonment. Defendant appeals his sentence, arguing that the Will County circuit court improperly considered: (1) the age difference between defendant's daughter and the victim,

and (2) in aggravation, numerous inadmissible victim impact statements. We vacate defendant's sentence and remand for resentencing.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant by indictment with two counts of aggravated driving while under the influence (*id.* § 11-501(a)(4), (a)(6)). The offenses were charged as Class 2 felonies as they both alleged that defendant, while under the influence of any drug or combination of drugs to a degree that rendered him incapable of safely driving, drove a vehicle and got into a motor vehicle accident that resulted in the death of another person.

¶ 5          Defendant entered an open plea to count I, and the State dismissed the remaining count. The factual basis for the plea established that defendant rear-ended a vehicle, pushing it into oncoming traffic. The vehicle was struck by another vehicle, and a 16-year-old passenger died as a result of the accident. Defendant's urinalysis indicated a positive result for cocaine. The court accepted the plea and the cause proceeded to a sentencing hearing.

¶ 6          Defendant's presentence investigation report (PSI) revealed that he had no prior felony convictions but had 5 misdemeanor convictions and 15 traffic offenses. The PSI stated that defendant had three children, a 17-year-old son, a 9-year-old daughter, and a 4-year-old son.

¶ 7          At the sentencing hearing, the State presented victim impact statements from the victim's mother, father, grandfather, two aunts, cousin, boyfriend, boyfriend's mother, friend, friend's mother, a friend of her father, and a family friend. Defendant's pastor testified on his behalf, stating that he saw growth in defendant after the accident and believed that he could continue to grow if he was not imprisoned. Defendant also gave a statement apologizing for his actions.

¶ 8          The court took the matter under advisement and continued the hearing. Before pronouncing the sentence, the State requested to reopen proofs to introduce into evidence that

defendant committed a new driving while license suspended offense. The parties stipulated witnesses observed defendant drive from the courthouse after the last hearing date and that he had a suspended driver's license. Defendant admitted to the offense. Because of the new driving offense, the State requested that defendant be sentenced at the higher end of the 3- to 14-year sentencing range.

¶ 9        The court found in mitigation that defendant accepted responsibility for the accident; would be separated from his children if imprisoned, something that the court said "breaks [its] heart"; and had no prior felony convictions. In aggravation, the court found that defendant had a lengthy history of driving violations and had committed another violation after the prior hearing date.

¶ 10        The court sentenced defendant to seven years' imprisonment. The court stated:

"I'm going to sentence you to seven years in the Illinois Department of Corrections because you will not be free until [defendant's daughter] is the same age [as the victim]. The years that [the victim's family] will never get back, you are not going to get either. I don't know of any other way. I don't know of any other rhyme or reason or anything that would make sense to anybody."

¶ 11        Defendant filed a motion to reconsider sentence, which the court denied. On direct appeal, we remanded for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Greiner*, No. 3-19-0748 (2020) (unpublished minute order). On remand, defendant filed another motion to reconsider, arguing that his sentence was excessive. The court denied the motion, and defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13 Defendant contends he was denied a fair sentencing hearing where the circuit court considered: (1) the difference between the age of defendant's daughter and the victim in determining defendant's sentence, and (2) in aggravation, several victim impact statements from those who were not considered representatives of the victim under the Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/6 (West 2018)). The State argues that defendant forfeited both of these issues because trial counsel failed to make a contemporaneous objection and did not raise the issue in the motion to reconsider sentence. Defendant responds that if this court finds his sentencing issues forfeited, both are subject to reversal under the second prong of the plain error rule.

¶ 14 The plain error rule provides a limited exception to forfeiture. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). The first step of plain error review is to determine if a clear or obvious error occurred. *Id.* "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so serious as to deny the defendant a fair sentencing hearing." *Id.* Defendant bears the burden of persuasion under either prong. *Id.*

¶ 15 The Illinois Constitution requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A sentencing judge must balance "the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26. For a sentence to be reasonable, a "sentence must be based on the particular circumstances of [the] case." *Id.* The most important factor a judge must consider in sentencing is the seriousness of the crime. *People v. Busse*, 2016 IL App (1st) 142941, ¶ 28. A judge may not employ personal

4

policy in sentencing. *People v. Miller*, 2014 IL App (2d) 120873, ¶ 36. Consideration of an improper sentencing factor only requires remandment when a reviewing court cannot determine from the record that the weight placed on the improper factor was so insignificant that it did not lead to a greater sentence. *Id.* ¶ 37.

¶ 16       A court has broad discretion in imposing a sentence. *People v. Patterson*, 347 Ill. App. 3d 1044, 1056 (2004). We will not alter a defendant's sentence absent an abuse of discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Moreover, a sentence within the applicable range is presumptively valid, and defendant bears the burden to rebut this presumption. *Busse*, 2016 IL App (1st) 142941, ¶ 27. However, "[a] trial court abuses its discretion when, among other things, it fashions a sentence based on the court's personal beliefs or arbitrary reasons." *Miller*, 2014 IL App (2d) 120873, ¶ 36.

¶ 17       Defendant's seven-year sentence falls within the 3- to 14-year sentencing range that accompanies a Class 2 felony conviction. See 625 ILCS 5/11-501(a)(4), (d)(2)(G) (West 2016); 730 ILCS 5/5-4.5-35(a) (West 2016). However, it derives completely from the court's consideration of its own personal belief that a seven-year sentence was warranted by the difference in age between the victim and defendant's daughter. The court's commentary was entirely arbitrary, and in essence, contorted the factor in mitigation that "imprisonment of the defendant would entail excessive hardship to his dependents," into a factor in aggravation. 730 ILCS 5/5-5-3.1(a)(11) (West 2018). This finding is at odds with the court's prior finding, in mitigation, that the separation of defendant from his children "breaks [its] heart." Additionally, the victim's age is irrelevant to the sentence imposed on defendant. See *People v. Joe*, 207 Ill. App. 3d 1079, 1087 (1991) (consideration of the victim's profession and standing in the community was "clearly inappropriate").

¶ 18          The State, after acknowledging that the court's sentencing rationale was "unusual and perhaps even inappropriate," argues "it is clear from the record" that defendant's sentence was proper because the court based its decision on the seriousness of the offense, defendant's criminal record, and the fact that defendant drove on a suspended driver's license following the first sentencing hearing. However, what is actually clear from the record is that the court based its sentencing decision exclusively on the improper age-difference factor. After setting forth this rationale, the court stated, "*I don't know of any other way.* I don't know of any other rhyme or reason or anything that would make sense to anybody." (Emphasis added.) This nullified the court's prior discussion of the factors in aggravation and mitigation and conclusively established that the improper age-difference factor was the sole rationale for defendant's seven-year prison sentence.

¶ 19          The court's exclusive consideration of this improper sentencing factor requires reversal under the second prong of the plain error rule. Our supreme court has held that a sentencing court's erroneous consideration of a factor inherent in the offense warrants reversal under the second prong of the plain error rule. See *People v. Martin*, 119 Ill. 2d 453, 458 (1988) ("The trial judge's consideration of the fact that the defendant's conduct caused serious harm to [the victim], resulting in his death, as a factor in aggravation in sentencing clearly affected the defendant's fundamental right to liberty [citation] and impinged on her right not to be sentenced based on improper factors."). The error at issue here presents the same fundamental right to liberty concern. Accordingly, this plain error requires reversal under the second prong of the plain error rule.

¶ 20       Our resolution of the above issue has rendered analysis of the remaining victim impact statement issue unnecessary. Nevertheless, we have authority to address this claim as it is likely to recur on remand. *People v. Walker*, 211 Ill. 2d 317, 343 (2004).

¶ 21       Both the Illinois Constitution (see Ill. Const. 1970, art. I, § 8.1(a)(5)) and the Act (725 ILCS 120/6 (West 2018)) prescribe numerous rights for crime victims, including the right to be heard at sentencing. Section 6(a-1) of the Act specifically states:

> "In any case where a defendant has been convicted of a violation of any statute, *** relating to the operation or use of motor vehicles, *** if the violation resulted in great bodily harm or death, the person who suffered great bodily harm, the injured person's representative, or the representative of a deceased person shall be entitled to notice of the sentencing hearing. 'Representative' includes the spouse, guardian, grandparent, or other immediate family or household member of an injured or deceased person. The injured person or his or her representative and a representative of the deceased person shall have the right to address the court regarding the impact that the defendant's criminal conduct has had upon them. If more than one representative of an injured or deceased person is present in the courtroom at the time of sentencing, the court has discretion to permit one or more of the representatives to present an oral impact statement." *Id.* § 6(a-1).

This court observed, in *People v. Larson*, 2022 IL App (3d) 190482, ¶ 37,

> "The plain language of the statute thus contemplates impact statements limited in number (the victim or, in the event of a death, 'a' representative of the deceased person); source (a 'representative' of the deceased person); and content (impact 'upon them' of the defendant's criminal conduct) *** The statute does not serve as an invitation to rail against the defendant or to recommend a certain sentence to the court."

7

We found that the circuit court did not have discretion to allow nonrepresentatives to make victim impact statements, and the court was "obligated to bar any statements by nonrepresentatives, to exercise discretion with respect to any additional victim impact statements beyond those specifically provided as a right under the Act. *Id.* ¶ 40.

¶ 22      Here, the court erroneously considered victim impact statements from numerous individuals who did not meet the "representative" definition set forth in section 6(a-1) of the Act. Therefore, "we remind the trial courts of their obligation to comply with the statute" (*People v. Somers*, 2013 IL 114054, ¶ 18) and specifically only consider those victim impacts statements allowed under the Act on remand.

¶ 23                        III. CONCLUSION

¶ 24      The judgment of the circuit court of Will County is vacated and remanded with directions to resentence defendant without considering arbitrary factors and improper victim impact statements.

¶ 25      Judgment vacated.

¶ 26      Cause remanded with directions.