2016 IL App (1st) 141135

SECOND DIVISION
March 15, 2016

No. 1-14-1135

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 22053 |
| | ) | |
| WILLIE ADAMS, | ) | The Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Simon concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Willie Adams, charged with delivery of a controlled substance, requested on the day set for a bench trial that the case be continued so he could retain private counsel. Adams had been indicted 70 days before the request.  Adams now contends the ruling violated his sixth amendment right to have the counsel of his choice. He also challenges the amount of fees and fines imposed by the trial court.

¶ 2    We conclude the trial court abused its discretion in denying Adams' request for a continuance to substitute counsel of his choice, and accordingly, reverse and remand for a new trial. As to the public defender fee, the hearing held by the trial court was inadequate and, under

*People v. Somers*, 2013 IL 114054, we vacate the fee and remand for a proper hearing in compliance with section 113-3.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3.1(a) (West 2012)). Given our disposition, we need not address Adams' challenge to the methamphetamine-related assessments imposed by the trial court, or his claim to presentence custody credit against his fines.

¶ 3                                     BACKGROUND

¶ 4      Adams was charged by indictment with delivery of heroin, a controlled substance. At his arraignment, the trial court appointed an assistant public defender to represent him. Only 70 days later, Adams appeared before the trial court for a bench trial. After the State answered ready, Adams addressed the trial court:

"THE DEFENDANT: Your Honor, may I say something?

THE COURT: Well, you have an attorney but—

[DEFENSE COUNSEL]: It's over my advice.

THE COURT: Go ahead, Mr. Adams.

THE DEFENDANT: I was asking could I get a continuance to get me a private attorney?

THE COURT: Mr. Adams, here is the whole thing. If this wasn't the day of trial, then you would have a right to do that. But this is the day of trial and everybody is here. So your request is denied.

THE DEFENDANT: Sir, he represented me, sir. He didn't let me know anything, sir. That's why really I asked, sir.

THE COURT: I understand that, but here is the whole thing; this is set with. The officers are here. And I'm denying your motion for continuance to get a private attorney. So thank you."

¶ 5 At the close of trial, the trial court found Adams guilty of delivery of a controlled substance. Afterwards, Adams filed *pro se* a "Motion for Reconsideration of Finding of Guilty," arguing, among other issues, that the trial court should have granted a continuance so he could secure counsel of his choice. At the first court date after trial, a private attorney appeared on Adams' behalf and the public defender withdrew. The private attorney requested time to obtain transcripts, and the trial court continued the case. At the next court date, the private attorney obtained leave to withdraw due to a conflict of interest between Adams and himself. Adams informed the trial court that he was going to try to hire another attorney. In continuing the case, the trial court stated, "[I]f you don't get an attorney, then you have a constitutional right to go by yourself."

¶ 6 But the next time in court, Adams did not have an attorney and asked the trial court to appoint an attorney other than his previous public defender. Although the trial judge turned down this request, the case was held over for several days to determine whether Adams had been able to hire a lawyer. Eventually, Adams agreed to have his original public defender represent him.

¶ 7 Defense counsel filed an amended motion for a new trial which included a challenge to the trial court's denial of Adams' request on the day of trial for time to obtain a private attorney. The motion was denied.

¶ 8 At sentencing, the trial court found Adams subject to mandatory Class X sentencing based on his criminal history and sentenced him to seven years and six months in prison. The trial court denied a motion to reconsider sentence.

¶ 9 Immediately following the sentencing, the State informed the trial court that it had filed a motion for reimbursement of attorney fees. In response, the trial court asked the public defender how many times he had appeared. After the public defender answered that this was his seventh appearance, the court ruled, "All right. $200 would be appropriate. You also went to trial on this." The trial court also imposed $1,779 in other fines, fees, and costs.

¶ 10                                              ANALYSIS

¶ 11                              Request for Continuance to Retain Private Counsel

¶ 12 Adams asserts that in denying his request for a continuance so he could retain private counsel, the trial court deprived him of his sixth amendment right to counsel. Adams argues his request was not unreasonable because (i) Adams had been indicted just 70 days before the day of trial, (ii) Adams' bench trial was held on the 61st day after arraignment, and (iii) Adams had been in custody since his arrest, which limited his opportunities to seek and obtain new counsel. Adams asserts that the trial court abused its discretion by failing to conduct any investigation into the reasons he requested to hire a different attorney or whether he could do so within a reasonable amount of time.

¶ 13 The United States and the State of Illinois Constitutions guarantee criminal defendants the right to retain counsel of their choice. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. But, that right is not absolute and cannot be used to " 'thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime.' " *People v. Bingham*, 364 Ill. App. 3d 642, 645 (2006) (quoting *People v. Solomon*, 24 Ill. 2d 586, 590 (1962)). Accordingly, a court must balance a defendant's right to choose his or her counsel against the need for efficient and effective administration of justice. *Id*. This balancing requires the trial court to inquire into the reasons for the dissatisfaction to determine the request's legitimacy. *Id*. Factors the trial court

should consider include (i) defendant's articulation of an acceptable reason for desiring new counsel, (ii) defendant's continuous custody, (iii) defendant's efforts in obtaining new counsel, (iv) defendant's cooperation with current counsel, and (v) the length of time current counsel represented defendant. *People v. Tucker*, 382 Ill. App. 3d 916, 920 (2008).

¶ 14    The determination whether to grant or deny a continuance for substitution of counsel falls within the trial court's discretion and will be overturned only for an abuse of discretion. *People v. Segoviano*, 189 Ill. 2d 228, 245 (2000). See also *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (stating that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel" (quoting *Ungar v. Sarafite*, 376 U.S. 575, 598 (1964))).

¶ 15    Factors to be considered by a reviewing court in evaluating a trial court's exercise of discretion include (i) defendant's diligence, (ii) defendant's right to a speedy, fair, and impartial trial, and (iii) interests of justice. *Segoviano*, 189 Ill. 2d at 245. Generally, a trial court will not be found to have abused its discretion in denying a motion for substitution of counsel in the absence of ready and willing substitute counsel. *Id*. But, even where new counsel is not identified, reversal of a trial court's denial of a continuance is warranted where the trial court fails to inquire into whether defendant is using the request as a delaying tactic. *People v. Basler*, 304 Ill. App. 3d 230, 232-33 (1999), *aff'd as modified on other grounds*, 193 Ill. 2d 545 (2000). So fundamental is a defendant's right to a counsel of his or her choosing that its erroneous denial requires automatic reversal of a conviction without regard to harmless-error or prejudice analysis. *Bingham*, 364 Ill. App. 3d at 645-50.

¶ 16    We find the trial court abused its discretion in denying Adams' motion for a continuance to retain private counsel. The trial court focused on only two circumstances in denying Adams' request—that it was made on the day of trial, and the presence in court of the State's two witnesses, both police officers. While these factors support the trial court's decision, the trial court's utter failure to make any kind of inquiry into Adams' request outweighs those considerations. See *Tucker*, 382 Ill. App. 3d at 923 ("we focus on the trial court's failure to inquire more thoroughly into defendant's request"); *Basler*, 304 Ill. App. 3d at 233 (finding abuse of discretion where trial court rejected defendant's motion for continuance without inquiring about the circumstances or finding she presented motion merely to delay her trial).

¶ 17    The trial court made no inquiry at all into either Adams' reasons for wanting new counsel or any efforts Adams may have made toward that end. Although this failure by itself would justify reversal, we also note that when Adams made his request, the case had been pending for only 70 days, no prior continuances had been filed, and he had been in continuous custody. These factors weigh against finding Adams' request as a delay tactic. See *Bingham*, 364 Ill. App. 3d at 645 (finding "no indication" that purpose of request was dilatory where defendant's case had been pending only three months and no prior continuances or pretrial motions had been filed). Based on the particular facts of this case, we conclude that the trial court abused its discretion in making its ruling without the benefit of conducting an inquiry into the circumstances and purposes of Adams' request. Accordingly, we reverse and remand for a new trial.

¶ 18                    Hearing Regarding Assessment of Public Defender Fee

¶ 19    Adams next contends the $200 fee to reimburse Cook County for the services of the public defender should be vacated because the trial court did not hold a hearing on his ability to

pay. The State agrees that the trial court did not hold a proper hearing, but asserts the appropriate remedy to be remand, not to vacate the trial court's order.

¶ 20    Although Adams failed to raise this claim of error in the trial court, a hearing is mandatory, not discretionary, and the court has to consider the defendant's financial circumstances and foreseeable ability to pay. *People v. Love*, 177 Ill. 2d 550, 564-65 (1997) (trial court's failure to adhere to procedural requirements mandated for reimbursement order requires vacatur despite defendant's failure to object); *People v. Somers*, 2013 IL 114054, ¶ 14 (trial court may not impose public defender fee in perfunctory manner).

¶ 21    Under section 113-3.1(a) of the Code of Criminal Procedure, the trial court may order a defendant to pay a "reasonable sum" to reimburse the county or the State for the services of appointed counsel. 725 ILCS 5/113-3.1(a) (West 2012). Before entering this order, the trial court must undertake a hearing to determine the amount. *Id*. At the hearing, held no later than 90 days after the entry of a final order of disposition at the trial level, the court considers the defendant's affidavit requesting appointed counsel and any other information the parties submit pertaining to the defendant's financial circumstances. *Id*. As our supreme court has explained, "[T]he court must give the defendant notice that it is considering imposing the fee, and the defendant must be given the opportunity to present evidence regarding his or her ability to pay and any other relevant circumstances. [Citation.]" *Somers*, 2013 IL 114054, ¶ 14.

¶ 22    As Adams accurately notes, in some cases where the requisite hearing was not held, the public defender fee has been vacated outright with no remand. This happened in *People v. Gutierrez*, 2012 IL 111590, ¶¶ 21-26, where the clerk of the court imposed the fee *sua sponte* and in *People v. Daniels*, 2015 IL App (2d) 130517, ¶ 29, because the trial court made no reference to the fee during the sentencing hearing but imposed the fee by written order after the

sentencing hearing. The *Daniels* court reasoned there was "simply no evidence that there was a hearing 'held to resolve defendant's representation by the public defender.' " *Id*. (quoting *People v. Williams*, 2013 IL App (2d) 120094, ¶ 20).

¶ 23 In contrast to *Gutierrez* and *Daniels*, our supreme court remanded for a new hearing on the fee in *Somers* where the trial court "did have some sort of a hearing within the statutory time period." *Somers*, 2013 IL 114054, ¶ 15. Specifically, the trial court inquired of the defendant whether he thought he could get a job when he was released from jail, whether he planned on using his future income to pay his fines and costs, and whether there was any physical reason why he could not work. *Id*.

¶ 24 Similar to *Somers*, in *People v. Williams*, 2013 IL App (2d) 120094, the reviewing court remanded because the proceeding "still met [the *Somers* court's] definition of a 'hearing,' as it was a judicial session open to the public, held to resolve defendant's representation by the public defender, and the trial court did impose the public defender fee. *Id*. ¶ 20. The appellate court found "that the trial court conducted 'some sort of a hearing' on the issue of the public defender fee within the statutory time period." *Id*. (quoting *Somers*, 2013 IL 114054, ¶ 15).

¶ 25 Likewise, in *People v. McClinton*, 2015 IL App (3d) 130109, ¶¶ 5, 18, the appellate court remanded for a proper hearing where the trial court did not follow section 113-3.1(a), but based its decision on the defendant's physical ability to work and reimburse the county solely on the presentence investigation report and the defendant's statements in allocution before sentencing. See also *People v. Rankin*, 2015 IL App (1st) 133409, ¶¶ 20-21 (remand after trial court held "abbreviated hearing" that asked assistant public defender how many times he had appeared in court).

¶ 26 We find remand the appropriate remedy as it was in *Somers*, *Williams*, *McClinton*, and *Rankin*. The entire proceeding on the public defender fee occurred at the end of Adams' sentencing hearing, just after he was admonished of his appeal rights. The State, which had filed a written motion, informed the court that it was asking for reimbursement of county funds. In response, the trial court asked counsel how many times he had appeared. When counsel replied seven times, the trial court stated, "All right. $200 would be appropriate. You also went to trial on this." We conclude that this interaction constitutes "some sort of a hearing" under *Somers* (*Somers*, 2013 IL 114054, ¶ 15). As the hearing did not comply with the requirements of section 113-3.1(a), we vacate the $200 fee and remand for a hearing in compliance with the statute.

¶ 27 Methamphetamine Fines and Presentence Custody Credit

¶ 28 Given our disposition reversing Adams' conviction and remanding for a new trial, we need not address Adams' challenge to the methamphetamine-related fines imposed by the trial court, or his claim to presentence custody credit against his fines.

¶ 29 Reversed and remanded with directions.