# Illinois Official Reports

## Appellate Court

---

### *People v. Glass*, 2017 IL App (1st) 143551

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT GLASS, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-3551 |
| Filed | February 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CR-11358; the Hon. Vincent M. Gaughan, Judge, presiding. |
| Judgment | Vacated in part; cause remanded; fines, fees, and costs order modified. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Nicole Marie Burns, of State Appellate Defender's Office, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Clare Wesolik Connolly, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MIKVA delivered the judgment of the court, with opinion.<br>Presiding Justice Connors and Justice Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1     Following a jury trial, defendant Robert Glass was convicted of delivery of a controlled substance (720 ILCS 570/401(c)(1) (West 2014)) and sentenced to five years' imprisonment. On appeal, Mr. Glass contends that the $500 public defender reimbursement fee assessed against him must be vacated because no hearing was held to determine his ability to pay. He further challenges various fines, fees, and costs imposed by the trial court. We vacate the challenged fines and fees; modify the fines, fees, and costs order; and remand for a second hearing on whether Mr. Glass should be required to reimburse any part of the cost of his public defender and, if so, what amount.

¶ 2                               BACKGROUND

¶ 3     Mr. Glass was charged with delivery of a controlled substance. He was appointed a public defender. At trial, three officers testified and established that, on June 10, 2014, Mr. Glass sold three bags of white powder, "suspect heroin," to an undercover officer in exchange for $30 in prerecorded funds near 3421 West Lake Street in Chicago. A "drug chemist" testified the powder weighed 1.1 grams and tested positive for heroin. The jury found Mr. Glass guilty of delivery of a controlled substance, and the case proceeded to sentencing.

¶ 4     The trial court sentenced Mr. Glass to five years' imprisonment on October 9, 2014. It imposed fines and fees totaling $2839 and credited Mr. Glass with 122 days served. It denied Mr. Glass's posttrial motions and admonished him of his rights on appeal. The State filed a motion for reimbursement of funds. The following was the entire exchange regarding that motion:

      "THE COURT: [Defense counsel], how many times have you appeared on this?

      DEFENSE COUNSEL: Eight times, [Y]our [H]onor.

      THE COURT: And plus it was a jury trial. $500 would be appropriate."

Mr. Glass timely appealed.

¶ 5                               ANALYSIS

¶ 6                   A. Public Defender Fee

¶ 7     On appeal, Mr. Glass contends that the trial court improperly assessed the $500 public defender reimbursement fee without holding a hearing to determine his ability to pay and thus the fee should be vacated. The State concedes that the trial court did not conduct a sufficient hearing but argues that we should remand the matter for a hearing on Mr. Glass's ability to pay any part of this fee. Mr. Glass failed to object to the imposition of the public defender fee at his sentencing hearing but argues, and we agree, that this issue is not subject to forfeiture. See *People v. Love*, 177 Ill. 2d 550, 564 (1997); see also *People v. Carreon*, 2011 IL App (2d) 100391, ¶ 11 (forfeiture rule inappropriate where trial court imposed public defender reimbursement fee "without following the appropriate procedural requirements").

¶ 8     Pursuant to section 113-3.1 of the Code of Criminal Procedure of 1963 (Code), the trial court may order a defendant to pay a reasonable sum, up to a statutory maximum, to reimburse the county or State for representation by appointed counsel, the amount of which is to be determined at a hearing where the court must consider the defendant's financial circumstances. 725 ILCS 5/113-3.1 (West 2014). Compliance with the statute requires the trial court to give

the defendant notice that it is considering imposing the fee and an opportunity to present evidence regarding the defendant's ability to pay. *People v. Somers*, 2013 IL 114054, ¶ 14. The statute requires that the "hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2014). Our supreme court made clear in *Love* that, to comply with section 113-3.1(a), "[t]he hearing must focus on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided." *Love*, 177 Ill. 2d at 563. Only where the trial court finds that a defendant has an ability to pay may it order reimbursement for appointed counsel. *Id.*

¶ 9 The record shows that, here, after Mr. Glass was sentenced and admonished of his appellate rights, the State inquired about the status of a motion it filed regarding reimbursement of attorney fees. The court asked Mr. Glass's appointed counsel how many times he had appeared in court, to which counsel replied "eight times, [Y]our [H]onor." The court noted that the case proceeded as a jury trial and stated "$500 *** would be appropriate." The court did not inquire into Mr. Glass's financial status, nor did it give him an opportunity to present evidence regarding his ability or inability to pay. Thus, the fee was improperly assessed without a hearing that considered, in any manner or to any degree, Mr. Glass's ability to pay the fee in question. The parties agree that this exchange was not a hearing in compliance with section 113-3.1(a) and the fee must therefore be vacated.

¶ 10 The parties disagree, however, on the proper remedy. Mr. Glass contends that the fee must be vacated outright because the trial court failed to hold a hearing to determine his ability to pay such a fee within 90 days of its final judgment. The State argues that remand is proper where a hearing, albeit an insufficient one, did occur within that statutory timeframe.

¶ 11 The question of whether and under what circumstances an appellate court may remand for a hearing that complies with section 113-3.1(a) after the 90 days specified in the statute has passed has been the subject of some dispute. In *Love* our supreme court vacated a public defender fee and remanded for a hearing without referencing the 90-day requirement or addressing the fact that more than 90 days had passed since the trial court issued its order. *Id.* at 559-60. However, as the court later cautioned in *People v. Gutierrez*, 2012 IL 111590, ¶ 18, "the timeliness issue was not raised in *Love*," and "*Love* should not be read as deciding the issue either way." The State's reliance on two decisions of the Second District of this court, *People v. Brown*, 2012 IL App (2d) 110640, and *People v. Collins*, 2013 IL App (2d) 110915, is also misplaced, both because those cases include no real description of the relevant proceedings for us to compare to those held in this case and because they preceded our supreme court's decision in *Somers*.

¶ 12 The trial court in *Somers* asked the defendant, prior to imposing the fee, whether he thought he could obtain employment upon release from prison and whether he would use his earnings to pay his fines and costs. *Somers*, 2013 IL 114054, ¶ 4. The appellate court agreed with the defendant that this brief exchange did not satisfy the requirements of section 113-3.1(a) and remanded the matter for a compliant hearing. *Id.* ¶ 6. Our supreme court was asked only to decide whether remand was an appropriate remedy. Under the circumstances of that case, where "the trial court's error was not in failing to hold a hearing within 90 days" but, rather, "that the hearing the court did hold within 90 days was insufficient to comply with the statute," the court held the matter should be remanded for a new hearing. *Id.* ¶¶ 17-18. Since *Somers*,

the rule has thus been that remand is proper if "some sort of hearing" was held within the statutory period. *Id.* ¶¶ 15, 18.

¶ 13 *Somers* did not explain what qualifies as "some sort of hearing." The exchange that took place in this case—in which the trial court did not address Mr. Glass's ability to pay at all but only questioned the public defender regarding the scope of the defendant's representation—is quite different from the one that took place in *Somers*. The question, then, is whether the rule in *Somers* contemplates "some sort of hearing" that focuses on the defendant's ability to pay or, more generally, on the State's motion to recoup the fee.

¶ 14 In *People v. Moore*, 2015 IL App (1st) 141451, ¶ 41, a panel in this district held that a hearing that does not in any way address a defendant's ability to pay the requested fee is not a hearing as articulated in *Somers*. The court explained that, in its view, " 'some sort of hearing' is more than the mere imposition of the public defender fee by way of a pronouncement in open court while the defendant is present." *Id.* ¶ 40. In *Moore*, the court also pointed out that remand was "a remedy that would be of no practical purpose," when one compared the cost of transporting the defendant to court and convening lawyers and court personnel with the small amount of money the county or State could hope to recoup. *Id.* ¶ 42.

¶ 15 Panels in both this district and the Second District have read *Somers* more broadly, concluding instead that remand is proper so long as the defendant had some opportunity to be heard regarding the State's motion. See *People v. Williams*, 2013 IL App (2d) 120094, ¶ 20; *People v. Rankin*, 2015 IL App (1st) 133409, ¶ 21; *People v. Adams*, 2016 IL App (1st) 141135, ¶ 26. The definition of a "hearing" applied in these cases is one used in another context by our supreme court. See *People v. Johnson*, 206 Ill. 2d 348, 358 (2002) ("Black's Law Dictionary defines 'hearing' as a 'judicial session usu[ally] open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying.' Black's Law Dictionary 725 (7th ed. 1999)."). These courts have concluded that an exchange like the one that took place in this case—very brief and focusing only on the scope of defense counsel's representation—"while obviously insufficient to meet the requirements of section 113-3.1(a), still m[eets] this definition of a 'hearing.' " *Williams*, 2013 IL App (2d) 120094, ¶ 20. See also *Rankin*, 2015 IL App (1st) 133409, ¶ 21 (relying on no dictionary definition but likewise holding that an "abbreviated hearing on the State's motion" was all that was needed to comply with the statutory time frame); *Adams*, 2016 IL App (1st) 141135, ¶¶ 24, 26 (following *Williams*).

¶ 16 Although they are not controlling authority, we take notice of the fact that this split persists even in this court's orders issued pursuant to Illinois Supreme Court Rule 23(b) (eff. July 1, 2011), with some cases following the *Williams/Rankin/Adams* line of cases (see *People v. Alejo*, 2015 IL App (1st) 133508-U, ¶ 29; *People v. Garcia*, 2015 IL App (1st) 133502-U, ¶ 10; *People v. Turner*, 2015 IL App (1st) 140028-U, ¶ 18; *People v. Hardman*, 2016 IL App (1st) 140913-U, ¶ 23) and some following *Moore* (see *People v. Montgomery*, 2016 IL App (1st) 140507-U, ¶ 19; *People v. Castillo*, 2016 IL App (2d) 140529, ¶¶ 14-15; *People v. Lozada*, 2016 IL App (1st) 143143-U, ¶ 12).

¶ 17 Having considered the relevant authority, we begin by agreeing with *Moore* that the supreme court in *Love* provided a specific definition of a hearing under section 113-3.1(a) that supersedes the ordinary definition of the word. However, what the court defined in *Love* was a *compliant* hearing. The court's subsequent holding in *Somers* makes clear that a compliant hearing within the statutory timeframe is not required to make remand proper. Instead, "some

sort of hearing"—even a patently deficient one—conducted within 90 days of the trial court's final judgment will toll the statutory period. The court in *Somers* did not define the word "hearing" in this context; *i.e.*, it did not tell us what constitutes a *noncompliant* hearing. Under these circumstances, we see no reason to deviate from the ordinary meaning of the word. As in *Williams* and *Adams*, we find the relevant proceedings in this case constituted "a judicial session," that was "open to the public" and "held for the purpose of deciding issues of fact or of law." (Internal quotation marks omitted.) *Williams*, 2013 IL App (2d) 120094, ¶ 20; *Adams*, 2016 IL App (1st) 141135, ¶ 24. It was a hearing. Because "some sort of hearing" regarding the State's motion to recoup the public defender fee was held within the statutory timeframe, the proper remedy is to vacate the fee and remand for a hearing in compliance with section 113-3.1(a).

¶ 18    We recognize that our holding conflicts to some degree with *dictum* in this panel's decision in *People v. Romanowski*, 2016 IL App (1st) 142360, ¶¶ 43-44, where we relied on *Moore* to conclude that remand was improper. However, our holding today is fully consistent with the *result* reached in *Romanowski* because, in that case, the trial court held no hearing at all on the State's motion. *Id.* ¶ 40. Remand in *Romanowski* was thus improper under either the *Williams/Rankin/Adams* line of cases or the *Moore* line of cases.

¶ 19    Before considering Mr. Glass's remaining issues, we must comment on the judicial resources being unnecessarily expended on this issue, both in this case and in the cases discussed above. Although we have an obligation to interpret section 113-3.1(a) according to established principles of statutory construction and in a manner consistent with the decisions of our supreme court, we agree wholeheartedly with our colleagues in *Moore* that the remanding of cases for hearings in compliance with this section is a significant waste of resources, for both the parties and for the court. So too, are the numerous appeals over the proper remedy in cases like this one, where it is undisputed that section 113-3.1(a) was not complied with. Our supreme court has repeatedly admonished trial courts of their duty to hold a proper hearing before imposing fees for the services of appointed counsel. See *Somers*, 2013 IL 114054, ¶ 18 ("As we did in *Gutierrez* [citation], we again express our disappointment that defendants continue to be denied proper hearings on public defender fees, we remind the trial courts of their obligation to comply with the statute, and we trust that we will not have to speak on this issue again."); *Gutierrez*, 2012 IL 111590, ¶ 26 ("We again remind the trial courts of their duty to hold such a hearing before imposing these fees, and we trust that we will not have to speak on this issue again."). We hope that this practice has ceased and the appeals we see on this issue are simply those that are still working their way through the judicial system. If not, we join our supreme court in again warning trial court judges that the provisions of section 113-3.1(a) *must* be complied with and the *Moore* court in suggesting that resources spent conducting the required hearings on remand could be better spent.

¶ 20                              B. Other Challenged Fines and Fees

¶ 21    Mr. Glass next contends that the Violent Crime Victims Assistance Fund fine, the court systems fee, and the fines related to the methamphetamine law enforcement fund were improperly assessed against him. "We review the propriety of a trial court's imposition of fines and fees *de novo*." *People v. Bowen*, 2015 IL App (1st) 132046, ¶ 60.

¶ 22    Mr. Glass first argues, and the State correctly concedes, that the $20 Violent Crime Victims Assistance Fund fine should be vacated because the charge may be imposed only where "no

other fine is imposed." 725 ILCS 240/10(b)(2) (West 2014). Here, the trial court assessed several other fines against Mr. Glass, specifically, a $10 mental health court assessment, a $5 youth/peer court assessment, the $5 drug court assessment, the child advocacy center assessment, and the fine to fund juvenile expungement assessment, as well as the other challenged fees. Thus, the $20 Violent Crime Victims Assistance Fund fine was erroneously assessed.

¶ 23    Further, we note that, as Mr. Glass points out, the statute under which the fine was assessed (725 ILCS 240/10(b)(2) (West 2012)) was not in effect at the time of Mr. Glass's offense and sentencing. See Pub. Act 97-816 § 10 (eff. July 16, 2012) (amending 725 ILCS 240/10(b)). Mr. Glass was therefore assessed the fine under an inapplicable statute. *People v. Calhoun*, 377 Ill. App. 3d 662, 664 (2007) (a defendant is entitled to be sentenced under the laws in effect at either the time of the offense or the time of sentencing). Accordingly, we vacate the Violent Crime Victim's Assistance Fund fine.

¶ 24    Mr. Glass next contends, and the State again concedes, that the $5 court systems fee (55 ILCS 5/5-1101(a) (West 2014)) was erroneously assessed against him, as that fee is authorized only when a defendant is convicted of a violation of the Illinois Vehicle Code other than driving under the influence. 55 ILCS 5/5-1101(a) (West 2014). As Mr. Glass's conviction for delivery of a controlled substance violated the Criminal Code, we agree and hereby vacate that charge.

¶ 25    Finally, Mr. Glass contends, and the State concedes, that the $100 and $25 fees imposed by the trial court under the Methamphetamine Law Enforcement Fund statute (730 ILCS 5/5-9.1.1-5(a) (West 2014)), were improperly assessed. As that statute applies only "[w]hen a person has been adjudged guilty of a methamphetamine related offense" and Mr. Glass was found guilty of delivery of a controlled substance/heroin, we agree. Those fees are hereby vacated.

¶ 26    Again, we urge both the State in seeking these fees and the trial courts in awarding them to avoid imposing fees on criminal defendants that are not authorized by statute.

¶ 27                                   CONCLUSION

¶ 28    Pursuant to Illinois Supreme Court Rule 615(b)(1), we order the clerk of the circuit court to correct the fines and fees order to remove the Violent Crime Victims Assistance Fund fine, the court systems fee, and the fines related to the Methamphetamine Law Enforcement Fund. We vacate Mr. Glass's $500 public defender reimbursement fee and remand this case to the trial court to conduct a hearing in compliance with section 113-3.1(a) of the Code (725 ILCS 5/113-3.1(a) (West 2014)).

¶ 29    Vacated in part; cause remanded; fines, fees, and costs order modified.