2020 IL App (1st) 172422
No. 1-17-2422
Opinion filed August 24, 2020

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 5067 |
| | ) | |
| CLINTON JENKINS, | ) | Honorable |
| | ) | James N. Karahalios, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Griffin and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    After a bench trial, the judge convicted Clinton Jenkins of retail theft and sentenced him to four years' incarceration. On appeal, Jenkins contends (i) the trial court's denial of his motion to substitute counsel violated his sixth amendment right to counsel and (ii) his sentence was excessive. Private counsel stood ready to file his appearance to substitute for the public defender. The case, which had only been pending for five months, had never been continued, and Jenkins had not previously sought to change attorneys. The court, without further inquiry, denied leave to substitute because counsel was not ready for trial that day. We reverse Jenkins's conviction and

remand for retrial. When the trial court prohibited his private counsel from filing an appearance on Jenkins's behalf, it violated Jenkins's sixth amendment right to counsel of his choice. We find this error was structural and affected the integrity of the judicial system.

¶ 2                                     Background

¶ 3     As we dispose this appeal on procedural grounds, we recite only the background necessary to resolution. Jenkins was charged with two counts of retail theft (720 ILCS 5/16-25(a)(1) (West 2016)), which alleged he knowingly took eyeglasses from retail establishment VisionWorks without paying full price for the eyeglasses, one of which was valued in excess of $300 and the other not in excess of $300, and that he previously had been convicted of theft of labor or services.

¶ 4     On April 19, 2017, Jenkins was arraigned, and the public defender was appointed to represent him. The court continued the case at Jenkins's request to June 27, 2017, for presentation of his answer and pretrial motions. On that date, at Jenkins's request, the trial court held a conference under Illinois Supreme Court Rule 402 (eff. July 1, 2012). The court offered Jenkins one year of incarceration in exchange for his plea of guilty to one count of retail theft. Jenkins, who was on electronic monitoring, asked whether he had to take the offer right then. He requested time to arrange for his mother's care, for which he was responsible. The court told Jenkins he had "about ten seconds" to accept, to which Jenkins responded, "Okay." Jenkins indicated he could not go into custody that day. The court found he had rejected the offer and set the case for a bench trial.

¶ 5     On August 2, 2017, the day of trial, a private attorney, Edward Johnson, appeared in court on behalf of Jenkins and sought leave to file his appearance. Johnson told the trial court he had spoken with Jenkins's assistant public defender briefly that morning and that she had tendered

discovery to him. The court passed and recalled the case, and Jenkins's assistant public defender arrived. This exchange occurred:

"THE COURT: All right. And [defendant] is here. This case was called earlier. I am informed [defendant] wants to switch attorneys.

* * *

This case is set for trial today, and is this the State ready for trial?

[ASSISTANT STATE'S ATTORNEY]: Yes, your Honor.

THE COURT: All right. The only way I would allow the substitution is if it does not delay the progress of the case which means, are you ready to proceed to trial today on Mr. Jenkins' behalf?

JOHNSON [(PRIVATE DEFENSE ATTORNEY)]: No, your Honor.

THE COURT: Well, then I'm not going to let you substitute.

JOHNSON: If I could just speak with my client about it, Your Honor.

THE COURT: Sure.

JOHNSON: Pass it?

THE COURT: Talk to him right here. I won't listen.

[ASSISTANT PUBLIC DEFENDER]: Judge, I believe I am going to remain on the case. I am ready for trial."

¶ 6     The court heard evidence and found Jenkins guilty on both counts of retail theft.

¶ 7     Jenkins filed a motion for a new trial, which argued the State failed to prove him guilty of retail theft beyond a reasonable doubt. The court denied this motion. The court sentenced Jenkins to four years' incarceration. Jenkins filed a motion to reconsider sentence, which was denied.

¶ 8                                    Analysis

¶ 9    On appeal, Jenkins challenges his conviction for retail theft based on the violation of his sixth amendment right to counsel. Specifically, he argues the trial court violated his right to counsel by failing to inquire into his reasons for hiring a private defense attorney and by preventing that attorney from filing an appearance in a five-month-old case because he was unprepared to proceed to trial immediately. Jenkins also challenges his sentence, arguing that four years' incarceration was excessive because it was four times greater than what the trial court offered during the Rule 402 conference and disproportionate to the offense. He asks that his conviction be reversed and the case remanded for a new trial.

¶ 10    We first address whether Jenkins forfeited the issue of the violation of his right to counsel, as the State contends. The State argues Jenkins failed to preserve this issue for appeal by not objecting to the court's denial of his motion to substitute counsel and not raising the issue in a posttrial motion. To preserve an issue for review, a defendant must make a contemporaneous objection and reiterate the objection by including it in a posttrial motion. *People v. Reese*, 2017 IL 120011, ¶ 60. Jenkins did not take either of these steps; thus, he has forfeited that issue on review. See *People v. Herron*, 215 Ill. 2d 167, 175 (2005).

¶ 11    Nevertheless, Jenkins invokes the doctrine of plain error. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). "Under the plain error doctrine, a reviewing court may consider a forfeited error under two circumstances: (1) where the evidence at trial was closely balanced such that the error improperly tipped the scales of justice or (2) where the error was so serious that it affected the trial's fairness or threatened the integrity and reputation of the judicial process." *People v. MacTaggart*, 2019 IL App (3d) 160583, ¶ 11 (citing *Herron*, 215 Ill. 2d at 178-79). For either prong of plain error review to apply, there must first be error that is clear or obvious. *Id.* (citing *People v. Piatkowski*, 225 Ill.

2d 551, 565 (2007)). So, we begin by examining whether the denial of Jenkins's motion to substitute counsel constitutes a clear or obvious error.

¶ 12     A defendant is entitled to the assistance of counsel. U.S. Const., amend. VI; see also Ill. Const. 1970, art. I, § 8. This right includes the right to retained counsel of his or her choosing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006); *People v. Baez*, 241 Ill. 2d 44, 104-105 (2011). The denial of a defendant's right to counsel of choice, on its own, raises concerns about the integrity of the judicial process. *People v. Howard*, 376 Ill. App. 3d 322, 338 (2007). Whether a defendant's right to counsel was violated does not depend on whether the defendant received a fair trial or was prejudiced by his or her representation at trial. *People v. Tucker*, 382 Ill. App. 3d 916, 919 (2008). Rather, the violation of a defendant's right to counsel is a structural error. *Baez*, 241 Ill. 2d at 105.

¶ 13     But this right is balanced against the trial court's interest in trying the case with diligence and the orderly process of judicial administration. *Tucker*, 382 Ill. App. 3d at 920. " 'In balancing the judicial interest of trying the case with due diligence and the defendant's constitutional right to counsel of choice, the court *must* inquire into the actual request to determine whether it is being used merely as a delaying tactic.' " (Emphasis added.) *Id.* (quoting *People v. Burrell*, 228 Ill. App. 3d 133, 142 (1992)). Factors include:

> "(i) defendant's articulation of an acceptable reason for desiring new counsel, (ii) defendant's continuous custody, (iii) defendant's efforts in obtaining new counsel, (iv) defendant's cooperation with current counsel, and (v) the length of time current counsel represented defendant." *People v. Adams*, 2016 IL App (1st) 141135, ¶ 13 (citing *Tucker*, 382 Ill. App. 3d at 920).

A defendant who abuses the sixth amendment to delay trial may forfeit the right to counsel of choice. *Tucker*, 382 Ill. App. 3d at 920.

¶ 14     We review a trial court's decision on a motion to substitute for an abuse of discretion. *Adams*, 2016 IL App (1st) 141135, ¶ 14. "It is within the trial court's discretion to determine whether the defendant's right to selection of counsel unduly interferes with the orderly process of judicial administration." *Tucker*, 382 Ill. App. 3d at 920 (citing *Burrell*, 228 Ill. App. 3d at 142). This determination turns on the facts of each case. *Id.* The trial court "does not abuse its discretion in denying a motion if new counsel is not specifically identified or does not 'stand ready, willing, and able' to make an appearance on defendant's behalf." *Id.* (quoting *Burrell*, 228 Ill. App. 3d at 142). Nevertheless, before it can properly deny that request, even when new counsel is unidentified, a trial court must inquire into whether the request is to obtain substitute counsel as a delaying tactic. *Adams*, 2016 IL App (1st) 141135, ¶ 15.

¶ 15     We find the trial court abused its discretion in disallowing Jenkins the counsel of his choice. Jenkins "specifically identified" Edward Johnson, who was present in court, and " 'ready, willing, and able' to make an appearance on defendant's behalf." See *Tucker*, 382 Ill. App. 3d at 920 (quoting *Burrell*, 228 Ill. App. 3d at 142). The only question the court asked when Johnson sought to file his appearance was whether he was prepared to proceed to trial that day. Thus, the trial court considered only one circumstance: whether Johnson required a continuance to prepare for trial.

¶ 16     While this one factor may have weighed in favor of the court's decision, its failure to make further inquiry into Jenkins's request outweighs that consideration. *Adams*, 2016 IL App (1st) 141135, ¶ 16; see also *Tucker*, 382 Ill. App. 3d at 923 ("we focus on the trial court's failure to inquire more thoroughly into defendant's request"); *People v. Basler,* 304 Ill. App. 3d 230, 233 (1999) (finding error where motion for continuance denied without inquiry into circumstances or

finding motion presented for delay). The trial court made no inquiry into how long Johnson required to prepare for trial, defendant's reasons for wanting new counsel, the efforts Jenkins made to retain private counsel and when, or whether he had been cooperative with his assistant public defender. "[T]his failure by itself would justify reversal." *Adams*, 2016 IL App (1st) 141135, ¶ 17. That would be true even if Johnson had not been specifically identified or present in court. See *id.* ¶ 15.

¶ 17    We also note that, at the time of Jenkins's request, this case had been pending only five months. The trial had never been continued, and Jenkins had not previously sought to change attorneys. The trial court did not make any finding that Jenkins was attempting to thwart his prosecution nor indicate Jenkins had been uncooperative with his assistant public defender. These factors would weigh in favor of granting the motion to substitute. See *People v. Bingham*, 364 Ill. App. 3d 642, 645 (2006) (finding "no indication" that purpose of request dilatory where case pending three months and no prior continuances or pretrial motions filed). Accordingly, we find the trial court abused its discretion in denying the motion to substitute without inquiring into the purposes and circumstances of the request. This constitutes plain, second-prong structural error (see *Baez*, 241 Ill. 2d at 105) and warrants reversal of Jenkins's conviction and remand for a new trial (see *Adams*, 2016 IL App (1st) 141135, ¶ 17).

¶ 18    *Adams* and *Bingham* are similar to this case and guide our reasoning. They establish that, even on the day of trial, a trial court cannot deny a defendant's request to substitute counsel without making further inquiry.

¶ 19    In *Adams*, on the day of trial, the defendant, represented by the public defender, requested a continuance to hire private counsel. *Id.* ¶ 4. The trial court, without inquiring into the reasons, denied the request simply because it was made on the day of trial with witness officers present. *Id.*

We reversed, holding that, even though defendant did not identify new counsel by name, the trial court failed to inquire into whether the defendant was using the request as a delay tactic. *Id.* ¶¶ 15-17. We held that the trial court's "utter failure" to make any kind of inquiry into the basis for the request outweighed that it was the day of trial and witnesses were present. *Id.*

¶ 20    Similarly, in *Bingham*, the defendant moved for a continuance on the day of trial so he could be represented by a private attorney who was already representing him in other, unrelated cases. *Bingham*, 364 Ill. App. 3d at 644. The trial court denied the defendant's motion without inquiry, apparently because the State answered ready for trial. *Id.* We reversed, explaining that "[t]he trial court should have conducted an inquiry into the circumstances and the purposes of the motion before making its ruling." *Id.* at 645.

¶ 21    Indeed, that the attorney seeking leave to appear needs time to prepare for trial, "alone, has never been held a sufficient basis to effectively deny a motion to substitute." *People v. Brisco*, 2012 IL App (1st) 101612, ¶¶ 45, 47. "This is particularly true where the trial court did not even inquire as to the length of time counsel would need," as here. *Id.* ¶ 47. While " 'broad discretion must be granted trial courts on matters of continuances; *** an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.' " (Internal quotation marks omitted.) *Adams*, 2016 IL App (1st) 141135, ¶ 14 (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). That is what occurred here.

¶ 22    The facts support reversal more strongly than the facts in *People v. Childress*, 276 Ill. App. 3d 402 (1995). There, a private defense attorney appeared on the day of trial and sought leave to file an appearance. *Id.* at 410. The attorney did not realize trial had been scheduled for that day and so requested a continuance, which the court denied because all witnesses were present and the public defender was prepared to proceed. *Id.* This court reversed, despite 14 prior continuances,

finding the private defense attorney ready, willing, and able to enter an appearance. *Id.* at 413. We noted the issue was "not merely a trial court's discretion in whether to grant a continuance" but "defendant's constitutional right to be represented by counsel of choice." *Id.*

¶ 23 Here, Johnson was present in court and ready, willing, and able to file his appearance. Also, Jenkins had only requested a single continuance, as compared to the 14 continuances requested in *Childress*. And this was the first trial date. We reverse Jenkins's conviction and remand for retrial, as Jenkins requests.

¶ 24 Reversed and remanded.

---

**No. 1-17-2422**

---

| | |
|---|---|
| **Cite as:** | *People v. Jenkins*, 2020 IL App (1st) 172422 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-CR-5067; the Hon. James N. Karahalios, Judge, presiding. |
| **Attorneys for Appellant:** | Maria A. Harrigan, of DePaul University Legal Clinic, of Chicago (Emily Scout Distefano, law student), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Margaret Smith, and Christopher Cromydas, Assistant State's Attorneys, of counsel), for the People. |